# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC SABATINI, Individually and On Behalf of All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) ) | Case No. _____ |
| v. ) ) | JURY TRIAL DEMANDED |
| MILACRON HOLDINGS CORP., IRA G. BOOTS, TIMOTHY M. CROW, WATERS S. DAVIS, JAMES F. GENTILCORE, GREGORY J. GULCHOWSKI, JR., THOMAS J. GOEKE, JAMES M. KRATOCHVIL, DAVID W. REEDER, REBECCA LEE STEINFORT, HILLENBRAND, INC., and BENGAL DELAWARE HOLDING CORPORATION, ) ) ) ) ) ) ) ) ) ) ) | CLASS ACTION |
| Defendants. ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on July 12, 2019 (the "Proposed Transaction"), pursuant to which Milacron Holdings Corp. ("Milacron" or the "Company") will be acquired by Hillenbrand, Inc. ("Parent") and Bengal Delaware Holding Corporation ("Merger Sub," and together with Parent, "Hillenbrand").

2. On July 12, 2019, Milacron's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Hillenbrand. Pursuant to the terms of the Merger Agreement, Milacron's

stockholders will receive $11.80 in cash and 0.1612 shares of Parent common stock for each share of Milacron common stock they own.

3. On September 10, 2019, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Milacron common stock.

9. Defendant Milacron is a Delaware corporation and maintains its principal executive offices at 10200 Alliance Road, Suite 200, Cincinnati, Ohio 45242.  Milacron's common stock is traded on the New York Stock Exchange under the ticker symbol "MCRN."

10. Defendant Ira G. Boots is Chairman of the Board of the Company.

11. Defendant Timothy M. Crow is a director of the Company.

12. Defendant Waters S. Davis is a director of the Company.

13. Defendant James F. Gentilcore is a director of the Company.

14. Defendant Gregory J. Gluchowski, Jr. is a director of the Company.

15. Defendant Thomas J. Goeke is Chief Executive Officer, President, and a director of the Company.

16. Defendant James M. Kratochvil is a director of the Company.

17. Defendant David W. Reeder is a director of the Company.

18. Defendant Rebecca Lee Steinfort is a director of the Company.

19. The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

20. Defendant Parent is an Indiana corporation and a party to the Merger Agreement.

21. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

**CLASS ACTION ALLEGATIONS**

22. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Milacron (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

23. This action is properly maintainable as a class action.

24. The Class is so numerous that joinder of all members is impracticable. As of July 8, 2019, there were approximately 70,521,224 shares of Milacron common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

25. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

26. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

27. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

28. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

29. Milacron is a global leader in the manufacture, distribution, and service of highly engineered and customized systems within the plastic technology and processing industry.

30. The Company is the only global company with a full-line product portfolio that includes hot runner systems, injection molding, mold components, and extrusion equipment plus a wide market range of advanced fluid technologies.

31. On July 12, 2019, Milacron's Board caused the Company to enter into the Merger Agreement with Hillenbrand.

32. Pursuant to the terms of the Merger Agreement, Milacron's stockholders will receive $11.80 in cash and 0.1612 shares of Parent common stock for each share of Milacron common stock they own.

33. According to the press release announcing the Proposed Transaction:

> Hillenbrand, Inc. (NYSE: HI) and Milacron Holdings Corp. (NYSE: MCRN) today announced that they have entered into a definitive agreement under which Hillenbrand will acquire Milacron in a cash and stock transaction valued at approximately $2 billion, including net debt of approximately $686 million as of March 31, 2019.
>
> Under the terms of the agreement, which has been unanimously approved by the Boards of Directors of both companies, Milacron stockholders will receive $11.80 in cash and a fixed exchange ratio of 0.1612 shares of Hillenbrand common stock for each share of Milacron common stock they own. Based on Hillenbrand's closing stock price on July 11, 2019, the last trading day prior to the announcement, the implied cash and stock consideration to be received by Milacron stockholders is $18.07 per share, representing a premium of approximately 34% to Milacron's closing stock price on July 11, 2019, and a premium of approximately 38% to Milacron's 30-day volume-weighted average price as of the close on July 11, 2019. Upon closing, Hillenbrand shareholders will own approximately 84% of the combined company, and Milacron stockholders will own approximately 16%. . . .
>
> Timing, Approvals, and Financing
>
> The transaction, which is expected to close in the first calendar quarter of 2020, is subject to customary closing conditions and regulatory approvals, including the approval of stockholders of Milacron.
>
> Hillenbrand intends to fund the cash portion of the transaction through debt financing and has secured a committed bridge financing facility led by J.P. Morgan. Timing and Approvals

Advisors

J.P. Morgan Securities LLC is serving as the exclusive financial advisor and Skadden, Arps, Slate, Meagher & Flom LLP is serving as legal advisor to Hillenbrand. Barclays is serving as the exclusive financial advisor and Ropes and Gray LLP is serving as legal advisor to Milacron.

***The Registration Statement Omits Material Information***

34. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

35. As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction.

36. First, the Registration Statement omits material information regarding the Company's and Hillenbrand's financial projections.

37. With respect to the Company's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate EBIT and EBITDA; (ii) the Other EBITDA Adjustments; (iii) projections for year 2024; and (iv) a reconciliation of all non-GAAP to GAAP metrics.

38. With respect to Hillenbrand's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate Adjusted EBITDA and Adjusted EBIT; (ii) unlevered free cash flow; (iii) projections for year 2024; and (iv) a reconciliation of all non-GAAP to GAAP metrics.

39. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

40. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Barclays Capital Inc. ("Barclays").

41. With respect to Barclays' Discounted Cash Flow Analysis of Milacron, the Registration Statement fails to disclose: (i) unlevered free cash flow for year 2024 and all underlying line items; (ii) the range of terminal values for Milacron; (iii) the individual inputs and assumptions underlying the range of after-tax discount rates of 10.0% to 12.0% and the perpetuity growth rates ranging from 1.5% to 2.5%; (iv) Milacron's net debt; and (v) the fully diluted number of shares of Milacron common stock.

42. With respect to Barclays' Discounted Cash Flow Analysis of Hillenbrand, the Registration Statement fails to disclose: (i) unlevered free cash flow, including for year 2024 and all underlying line items; (ii) the range of terminal values for Hillenbrand; (iii) the individual inputs and assumptions underlying the range of after-tax discount rates of 10.0% to 12.0% and the perpetuity growth rates ranging from 1.5% to 2.5%; (iv) Hillenbrand's net debt; and (v) the fully diluted number of shares of Hillenbrand common stock.

43. With respect to Barclays' Equity Analyst Target Prices Analysis, the Registration Statement fails to disclose the sources of the price targets observed by Barclays in the analysis.

44. With respect to Barclays' Illustrative Leveraged Acquisition Analysis, the Registration Statement fails to disclose Barclays' basis for selecting the total leverage, illustrative constant exit multiple, and internal rate of return target range used in the analysis.

45. With respect to Barclays' Illustrative Sum of Parts Analysis, the Registration Statement fails to disclose: (i) the individual implied equity values per share of Milacron's Mold-Masters hot runner technologies and systems, DME mold technologies, APPT segment, and Fluid

Technologies segment; and (ii) the value of corporate selling, general and administrative expenses.

46. With respect to Barclays' Illustrative Projected Value Per Share Analysis, the Registration Statement fails to disclose the individual inputs and assumptions underlying the discount rate of 13.5%.

47. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

48. Third, the Registration Statement omits material information regarding potential conflicts of interest of Barclays.

49. The Registration Statement fails to disclose the amount of compensation Barclays received for the past services it provided to Milacron.

50. The Registration Statement also fails to disclose whether Barclays has performed past services for Hillenbrand or its affiliates, as well as the timing and nature of such services and the amount of compensation received by Barclays for providing the services.

51. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

52. The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Merger; (ii) Milacron Board of Directors' Recommendation and Reasons for the Merger; (iii) Opinion of Milacron's Financial Advisor; and (iv) Certain Unaudited Prospective Financial Information.

53. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Milacron**

54. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

55. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Milacron is liable as the issuer of these statements.

56. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

57. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

58. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

59. The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

60. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

61. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Hillenbrand

62. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

63. The Individual Defendants and Hillenbrand acted as controlling persons of Milacron within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of Milacron and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

64. Each of the Individual Defendants and Hillenbrand was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

65. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were

thus directly involved in the making of the Registration Statement.

66. Hillenbrand also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

67. By virtue of the foregoing, the Individual Defendants and Hillenbrand violated Section 20(a) of the 1934 Act.

68. As set forth above, the Individual Defendants and Hillenbrand had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.  Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.  Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: October 1, 2019 **RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky (#3147)
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com